## Case No. 945.

### BANK OF UNITED STATES v. FREDERICKSON.

[Ingr. Insolv. 277.] [1]

Circuit Court, D. Pennsylvania. Oct. 14, 1821.

CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS—DISCHARGE OF INSOLVENT DEBTOR.

[Act March 26, 1814, § 14, providing that a majority in value of the creditors of an insolvent debtor may discharge him, for seven years, from liability on all previously incurred indebtedness, violates the obligation of contracts, and is void.]

[Action by Bank of United States against Frederickson. Defendant moves for "a rule to show cause why process issued in the case should not be set aside, with costs," in accordance with Act Pa. March 26, 1814, § 14. Denied.

[It is provided by Act Pa. March 26, 1814, § 14, that "it shall be lawful for the court by whom any debtor shall have been discharged under this act to make an order that, wherever a majority in number and value of his creditors residing within the United States, or having a known attorney therein, con-

---

[1] [Nowhere more fully reported; opinion not now accessible.]

sent in writing thereto, he shall be released from all suits, and the estate and property which he may afterwards acquire shall be exempted from execution for any debt contracted, or cause of action created, previous to such discharge, for seven years thereafter; and if, after such order shall be so made, and a majority in number and value of the creditors shall have consented as aforesaid, any action shall be commenced, or execution issued, for such debt or cause of action, it shall be the duty of any judge of the court from which the process issued, to set aside the same, with costs."]

THE COURT. The law upon which the motion is founded is equivalent to a discharge of the debt, and to say the least of it, impairs the obligation of contracts, contrary to the decision of this court in Golden v. Prince, [Case No. 5,509,] and Sturges v. Crowninshield, [4 Wheat. (17 U. S.) 122.] If the legislature can constitutionally take away a creditor's remedy for seven years, they can for seventy; in either case the law impairs the obligation of contracts—they differ only in degree.